The first case of the morning is called 210-1237, people of the state of Illinois v. Matthew Rich. For the appellate people, it is Sharon Shanahan on behalf of the Williams-McDonough Zoltan. Both sides ready to proceed? You may proceed when you're ready. May it please the court, counsel? My name is Sharon Shanahan, and I represent the people of the state of Illinois. In 2009, this court was faced with the question of whether defendant Luis R., who committed a crime as a juvenile, but who was not charged until he was an adult, could be charged as a juvenile. This court held that he could not. Relying on Luis R., the prosecutor in the incident case faced similar facts and charged the defendant as an adult. The trial court held that the defendant could not be charged as an adult. This scenario arises all too often in cases such as the one at Barr, in which criminal assault charges are committed against young children and not reported for some time. Prosecutors are now faced in a catch-22 position. Luis R. concludes that these defendants cannot be charged as juveniles, but the trial court says they cannot be charged as adults. It is unconscionable to create a legal loophole which allows these perpetrators of crimes, often crimes against our most innocent victims, to evade prosecution simply because they have not been charged until they were adults. What about the longstanding proposition that penal statutes are to be strictly construed in favor of the accused? Well, if you look at this court's decision in Luis R., it carefully examines this penal statute, and it concluded that these perpetrators cannot be charged as juveniles. There is also language in the case that certainly strongly indicates that they can be charged as an adult. It's kind of interesting because in Luis R., both parties said, well, you've got to charge this guy as a juvenile because he can't be charged as an adult. Both sides said it. And this court said that that presupposes the proposition that the prosecution would be forbidden in criminal court. And I'm quoting now, this court said, There is a defensible argument that the plain language of Section 5-120 does not forbid the criminal prosecution of an adult for an offense committed before he or she reaches the age of 17. This court went on to say, It is far from clear that respondents' age at the time of the offense would be an impediment to criminal prosecution. This court finally went on to say that if it were beyond dispute that this is the case, we might agree with the state that the result is not one that the General Assembly could have intended. Indeed, such a result would result in an absurdity. And this court may assume that the legislature did not intend an absurdity. Counsel, is a minor charged with committing aggravated criminal sexual assault while under the age of 15 subject to automatic transfer to adult court? No, I don't think so. Does that bear on the issue at all? Not according to the... We have little, other than this court's decision in Louisa, we have little guidance in Illinois. However, in the cases that I've cited in our brief, other state cases, the answer would be no. Well, other cases are important, but in this case, what about the argument that the state had seven or eight months to either move for extended jurisdiction, file in juvenile court, and apply for extended jurisdiction, or move for a discretionary transfer? Well, here we get to one of the questions that probably is going to be central to this case, is what controls here, and the state argues that the superseding indictment is what controls, and at that point in time, the defendant was 21 years old. But isn't the superseding indictment basically sidesteps other avenues that were available to the state? Well, I'm not sure that there were other side options available because... Well, is it your position that you could not have asked for extended jurisdiction? Yes, Your Honor. It is, okay. It kind of begs the question, I guess, of my short answer to that question. And I would note that one of the cases this Court cited with approval in Louis R. is the Daler decision in Minnesota, and in that case, the defendant was originally charged as a juvenile and was later charged as an adult, and they found that the second indictment to be the one that... to be the one that made him charged as an adult. Counsel, isn't the issue perhaps a little more subtle? It almost seems like both sides are arguing that the issue is whether or not an adult may be prosecuted as a criminal, and a criminal court for acts committed as a minor. Is that really the issue here, or is it a little more subtle than that? The offense charged here makes age, age of minority, a specific element of the offense. So the issue isn't really whether or not the state may pursue an adult for any offense committed when a minor. This was an offense that arguably the elements were there for him to be prosecuted under the criminal code, correct? You say the elements were there to where he could be prosecuted? The minority is an element of this offense. The Act recognizes that, does it not? The Juvenile Court Act, yes, it does recognize that. So does that bear on the issue at all, or is that irrelevant here? Well, the two things that are critical to this court is the fact that the defendant was well past the age that he could be charged in juvenile court at the time that this court was, or this charge was filed, and certainly at the time that the superseding indictment was filed. And this, as I say, this isn't, it is the discrepancy between the time that the crime was committed and the time that the defendant was indicted for this charge. If there were any question of dilatory action on the part of the state in the filing of this claim, then I think we would be dealing with a much different issue. Have I answered your question? Sort of, but I think it's a little more complicated than the simple issue as well. Somebody in the state didn't charge the person when he was a minor, therefore they wake up and they decide to charge him when he's an adult, he's immune from being charged. I think it's a little more subtle than that. This is a case that has a lot of twists and turns to it, I would certainly agree with that. There are a lot of subtleties in this court. I would note that, because I'm sure that my opponent will bring it up, I've talked a lot about Luis R. and this court's analysis of the juvenile court statute in that case. It's very thorough. It discusses, Justice Burkett, I believe, some of the questions that you raised with me. However, if you get on Westlaw and look this case up, if you get on Lexis and look this case up, you're going to see a red flag. And if you read the Supreme Court's opinion in this case, you're going to see that it says reversed and remanded. I argue in my brief, I argue to this court, that the analysis of the juvenile court act in Luis R. is still valid for this reason. The Supreme Court chose not to address the central question of whether the circuit court can obtain a petition of juvenile delinquency when the subject of the petition is an adult. The Supreme Court concluded that the circuit court was confused about whether it had subject matter jurisdiction or personal jurisdiction over the matter, and concluded that the circuit court did have jurisdiction. There were two dissents in the Supreme Court's decision, and Justice Burke took issue with this, stating, the majority concludes that the circuit court has Article VI jurisdiction, a matter that no one disputes. And the Supreme Court never addressed this court's legal analysis of the underlying question. They found that because they focused solely on the question of whether there was personal jurisdiction and subject matter jurisdiction, they found the analysis to be premature. They did not in any way address the underlying analysis. I would further note that in the Supreme Court's decision, Justice Freeman, also dissenting, said the issue is a relatively simple one. May a circuit court entertain a petition of juvenile delinquency when the subject of the petition is 21 years of age? The answer is simple. The court may not. Justice Freeman went on to note that the overriding purpose of the Act is to deal with delinquency in those under the age of 21. Justice Freeman concluded that by definition, persons 21 or over are not entitled to the protections of the Act, and the Act by its own language does not apply to him. Justice Burke, in his dissent, also concluded that the circuit court properly dismissed the juvenile delinquency petition because doing so otherwise would have been inconsistent with controlling statutory law. Therefore, I believe that this Court's analysis of the underlying question still remains valid and should be applicable to this case. This Court, I think it's important to note that if this Court found that if the General Assembly had intended to permit the state to institute delinquency proceedings after the respondent had reached the age of majority, it could have expressed the intent far more clearly simply by using the word person in the place of minor. This Court also noted that because the respondent was no longer a minor, the Juvenile Court Act read literally does not authorize the state to institute proceedings under the Juvenile Court Act, even though the respondent was under the age of 17 when he allegedly committed the crime. This Court also noted that the Act expresses a juvenile, excuse me, a legislative justice, a legislative judgment that youth merely warrants a different correctional approach to criminal conduct. It does not negate criminality. So there can be no doubt under this Court's analysis and what we saw that an adult cannot be prosecuted in juvenile court for crimes he committed as a juvenile. So this Court presents the mirror image. Can he be charged as an adult? I would note one thing in closing, and that is if he can't be charged as a juvenile and he can't be charged as an adult, then we have this loophole in which people that obey prosecution for one reason or another, whether it's because in a case like this the victim is so young that she does not report the crime for some time, and in others it's simply because they move or they just are lucky and escape detection. But we're allowing those crimes to the people that commit those crimes to simply walk, and I think that cannot be the intent of the legislature. If we were to accept your position and the matter were to proceed in an adult court to disposition of finding guilty, where and how would the defendant be sentenced? He would be sentenced to criminal court under the criminal laws. He could not be sentenced to juvenile court because juvenile courts lose jurisdiction over anyone at the age of 21. Does the State bear any responsibility in that analysis for its inability to prosecute the case prior to his 21st birthday? I think it would depend on why it was not prosecuted prior to his 21st birthday. If there were any allegations of neglect on the part of the State, of intentionally postponing the institution of charges, I think all of those could enter into that. Would that affect both a sentencing question as well as whether or not the now indictment in adult court should proceed? You said would that be a sentencing question? Would it be a sentencing question, yes or no, and or would it be an issue or a determination of whether or not the indictment should be dismissed? The question being? If the State had been dilatory or simply neglectful or simply sat on evidence waiting for the defendant to turn 21. It would be my inclination that I can't imagine this thing proceeding to trial under criminal court proceedings, not juvenile court proceedings, and not coming up until sentencing. However, if it had been totally ignored at trial and was properly raised with sufficient evidence to support any claim of dilatory action by the State, presumably it could be raised at sentencing. But again, I find this something that is not likely to come up that late in the proceedings. Regardless of how the sentencing turns out, there are important collateral consequences for the State, such as DNA collection, sex offender registration, which applies to either juvenile or adult, correct? Yes, Your Honor. So either way, the State does have a vested interest in continuing the prosecution for that, if only for those purposes, right? Yes. And if it cannot be continued as a juvenile, which is what Louise R. says, where can it be continued? Are there any other questions? We'll have a chance to reply. Counsel, are you ready to proceed? Thank you, Your Honor. Please report. My name is Don Zoki. I am the attorney for Matthew Rich, the appellee in this case. There are two main areas, two main categories to my argument that I would like to make today. And the first one is my contention that the law is very clear in the State of Illinois that when an offense is alleged to be committed by a minor, by somebody who is under the age of 17, at the time of the offense, that the Juvenile Court Act determines whether or not that person is charged in juvenile court or in adult court. And I'd like to make that argument to the court. But the second argument that I want to make to the court is that I don't think the court necessarily needs to make that determination. I think your finding in this appeal can be done on much more narrow grounds. And I'd like to – that would be the second part of my argument. So getting to the part about why it's my contention that the law is very clear. And I cited Brazee. I cited a couple of juvenile court cases from other states. Isn't Brazee just a sentencing issue, though? Brazee was a sentencing issue, but then there was also Brazee II, the second Brazee opinion, which had to do with the determination of whether or not it would be a felony conviction on the person's record or an adjudication of delinquency. So, in effect, it's a – I don't want to use the word jurisdiction, but whether or not the person can even be prosecuted. Because if you – Brazee, the appellate court ultimately held, after both opinions, that you cannot be sentenced as an adult under that circumstance, nor can you be convicted as an adult. So if you cannot be sentenced or convicted as an adult, then that means you cannot be prosecuted as an adult. So, respectfully, I would submit that it's – it really has to do with the issue of whether or not he could even be prosecuted or whether or not anybody can even be prosecuted as an adult when the crime was committed when they were a juvenile. Mr. Zloty, let me ask you this question. Is part of the question here whether the prosecution of this crime, which presumes the act was committed by a minor because the elements are there, it would have to be under 17. Correct. So are we saying that in those circumstances, then, it has to be pursued against the accused only while he or she is a minor? That has to be sort of your position, isn't it? Well, I say you look to the Juvenile Court Act to determine whether you proceed as a minor or as an adult. Now, in this particular case, it was a little bit different, and that's something I was going to get to in the second part of my argument about why I think this Court can decide this issue on a much more narrow ground than the ultimate issue. The State, I believe, wants the Court to make a decision to hand down an opinion that says the State basically can wait until somebody turns 21 if they commit a crime when they're 13, 14, 15, whatever. And even if it doesn't meet the criteria in the Juvenile Court Act, the State could just wait until they're 21, whether intentionally or just because that's the way the evidence develops. Well, that's perhaps a legitimate question, but maybe that's a question also down the road. Do you have any cases that absolutely stand for the proposition that a crime, which presumes it was committed by a minor, and the elements are there, constitutionally it cannot be pursued against the accused when he's an adult? Do you have any cases that say he has to be charged only when he or she is a minor? Well, what I'm submitting to the Court is very clearly, Your Honor, the statute, in my opinion, the language is very clear. And I'm not saying that it couldn't be interpreted differently. The definition of delinquent minor under 705 ILCS 405-5-1033, it says it means a delinquent minor means any minor who prior to his or her 17th birthday has violated or attempted to violate any law. I'm paraphrasing. And then when you go to exclusive jurisdiction, under Section 405-5-120, the second part of that, except as provided in, and then they cite various transfer statutes and extended jurisdiction statutes, except in those situations, no minor who is under 17 of age at the time of the alleged offense may be prosecuted under the criminal law. Well, therein lies a, you might have hit the nail on the head, and this is why I think there are a lot of subtleties to this case. The Act expresses limitations of saying to the ages of the accused and the victim, does it not, when the crime was committed. That's the key moment. Correct. Does it limit its applicability to persons who are only minors when charged? There is a difference. You're citing a section that talks about the ages when the crime was committed. Correct. This is an issue that involves the age of the defendant when charged. So there is a little bit of a subtle difference, isn't there? There is. Absolutely, Your Honor, there is. And the situation we have in this case, when Matthew Rich was originally charged in this case, he was five months and five days short of his 21st birthday. He was still 20 years old. He was still subject to the Juvenile Court Act. And so that's kind of a, and that's, again, something I was going to discuss in detail on the second part of my argument about why the court can narrowly decide this issue. The Brazy case is cited, and I have to talk about the King case that the state cited in their reply brief, because I thought I researched this case pretty thoroughly. And then in the reply brief, the state comes up with the King case. With the people versus King, the Supreme Court, I guess you could say kind of overruled Brazy and other related cases on a limited issue, though, on a limited issue. And so the King case, the Supreme Court rested its decision on language, on specific language in all those other cases and relevant to the King case. The reason the King case doesn't take away my contention that Brazy and the related cases control here is because in King's, it was a very limited issue. The Supreme Court held, in fact, in that case, the defendant was 16 when he committed the offense. It was a murder charge. He subsequently pleaded down to an attempt murder charge and then filed his post-conviction, alleging that he should have been sentenced as a juvenile because attempt murder is not one of the specified offenses in Section 5-130-1A. Well, the Supreme Court said the issue isn't whether it's a specified offense. It's if it's a covered offense. And by covered offense, they also looked at the second part that talked about it included specific offenses and all other offenses arising out of the same incident. So the Supreme Court opinion in King dealt with specific language in the Juvenile Court Act. The important thing about King and why it doesn't take away my argument is because they still did the analysis under language within the Juvenile Court Act. You look to the Juvenile Court Act to see if a minor who commits an offense and then subsequently turns 21 can be prosecuted as an adult. There's not a single case that I've been able to find that I've been practicing law for 25 years. In the last 25 years, I've never heard of a minor being charged as an adult for an offense that was committed when he was a minor unless it was one of the exceptions in the statute. You look to the Juvenile Court Act, and that determines whether or not that person can be charged as an adult, whether it's mandatory transfer, discretionary transfer, extended jurisdiction. You look to those factors to make that determination. There's not a single case anywhere that's held otherwise, and King does not take that away. King did the analysis under the language within the Juvenile Court Act. You look to that act. So that's my contention that the Juvenile Court Act determines here. And I think that the law is very clear, and I think on the principles of stereotypes, I don't think King takes away Brazy. Just because it overruled on a specific point, it doesn't mean that you still don't do the analysis under the Juvenile Court Act. King does not say that, and King dealt with a minor who was 16 at the time of the offense. It's been very subtle. In fact, in Justice Burke's dicta in the case of Henry Louis R., he even says in there, he makes an acknowledgment that both parties agreed that the minor could not be prosecuted as an adult because he was a minor when the offense was committed, and none of the exceptions applied. And Justice Burke acknowledges it. Everybody thought that was the law, and everybody assumes that's the law. That is the law that we all rely on. But you look to the Juvenile Court Act, and Justice Burke then propounds some possible reasons why that might not be the case, but that's what he specifically wrote in his opinion, Henry Louis R., that he was not making that finding. I would ask this court not to make that finding. That would be such a major finding. If this honorable court comes down with a decision saying that minors can be charged as an adult when it's not one of the exceptions in the Juvenile Court Act, just because they're 21, that would be a first in this state, and it would be unbelievably – it would be a change that is not merited by the facts of this case, and it would be a change that would affect the criminal justice system in a way that I don't think this court maybe intends. I acknowledge there's a gap. There is a gap. You might have a situation where somebody commits a sex offense or some other offense, not murder. By the way, Justice Burke, in Henry Louis R., he talks about some case from Minnesota where he says – and if I can find it here real quickly – on page 737 of the official site, in his opinion, he calls from this State v. Deller case in Minnesota. We believe it would be ridiculous to say that if a person of 16 or 17 commits a murder and escapes detection or apprehension until after he reaches 18 years of age or 21 years under the recent changes, he could no longer be preceded against in the Juvenile Court Act or tried as an adult. And you can see that there could be some public outcry against that as well. But that's not the case in Illinois, so he's citing from a Minnesota case. But in Illinois, murder is – he would be transferred as an adult automatically. It's an automatic transfer case. So he's citing from a case that doesn't coincide with Illinois law. That injustice could never happen in Illinois law. Now, there may be some people that might perceive that somebody allegedly committed a sex offense when they're 13 and it doesn't come out until they're 22, and then they can't be prosecuted. Some people might say, well, that's an injustice. And all I would say to that is it's due process. I'm sorry. Had this case been discovered while your client was still a juvenile? It was, Your Honor. No, had it been discovered while he was still a juvenile, had the victim come forward, the State could have moved for discretionary transfer to adult court. And that is exactly my point, and I'm going to move on right now, Your Honor, to the second part of my argument, because that's exactly what happened in this case. It did get discovered when he was still a juvenile. He was 20 years old, five years and five months short of his 21st birthday when the State filed the charge. The original charges were filed on November 10, 2009. His date of birth was May 2, 1989. So he didn't turn 21 until May 2, 2010. So five months before that, he was charged. The State could have charged him. What they should have done is they should have charged him as a juvenile in this case. They could have proceeded under the discretionary transfer statute, which is Section 5-805-3. Was there a motion to dismiss that original indictment? Yes, Your Honor. What happened is the State originally filed the charge on that date. Then they got an indictment on February 9th – I'm sorry, February 19th of 2010. He was still 20 years old, two months and 11 days before his 21st birthday. In response to that motion – in response to that indictment, I filed a motion to dismiss. Well, then the State subsequently re-indicted. There's original charges and two indictments in this case. All of them are identically worded. There were two counts of aggravated criminal sexual assault. The first indictment, the two same exact counts, identically worded. The subsequent, the second indictment, the same two counts, identically worded. That doesn't change anything. I'm going to respectfully ask the Court to consider this. Ms. Shanahan has stated a dictionary definition of what superseding means. And just yesterday – and this was in her reply brief, so I didn't have a chance to put this in my brief – but I have a case that I would respectfully ask the Court to consider. I have provided it to counsel this morning. It's People v. Lowell, 75 Illinois Pella 3rd, 1007. It's a 1979 case out of the 2nd District. And it discusses superseding indictments. And basically the whole thing of this case is that a superseding indictment doesn't change the fact that there were original charges and then a superseding indictment to state what happened in this case is the defense succeeded in getting the indictment dismissed. And so then the issue is whether or not the state could then proceed on the original charges pre-indictment. Counsel, would you be suggesting that in our disposition here we would basically direct the state as to where and when they should file charges? No, Your Honor. In other words, that we would say if a defendant is 20 at the time you learn of the charges, you have to file it in juvenile court and then take whatever actions you think are appropriate there, that you cannot wait an additional five months and some weeks in charge? Well, what I'm suggesting and requesting that the Court do is hand out a ruling consistent with the statute which says that when a person is a minor and they commit an offense, you look to the Juvenile Court Act to see whether they get charged as an adult or as a juvenile. In this case, Matthew Rich was 20 years old. For offenses that he allegedly committed when he was 12, 13, and 14 years old. Is your issue that we look to the date of or the age at the time of the alleged commission of the offense or we look at the age of the defendant at the time the charges are brought? It's my position, Your Honor, that you look absolutely that the statute requires and the precedent requires that you look to the age at the time of the offense. The age at the time of the offense. If the minor happens to have turned 21 at that time, I'm sorry. Some people might say that's an injustice. My argument to that is we have procedural rules. We have due process rules. There was a murder case within the last couple of months that got reversed based on a speedy trial issue. People might outcry about that and say what an injustice it is. When you have these procedural rules, they have to be followed. They have to be followed. I would submit it's not an injustice under the facts of this case. Based on everything you know, this minor was 12, 13, and 14 years old, Your Honor, at the time of the alleged commission of the offense. So I guess what I'm suggesting to the court in this case, I would ask you to hand down a decision that says you have to look to the Juvenile Forward Act if they were a minor when the offense was committed and of course you cannot charge him as an adult unless the Juvenile Forward Act allows it. However, the court doesn't have to do that to rule in our favor in this case. What I'm asking the court, what I'm suggesting as an alternative to the court is very narrow grounds here. He was 20 years old. He was still amenable to be charged as a juvenile. The state could have easily charged him in the juvenile court, filed a discretionary transfer petition, then Judge Stucker in DeKalb County would have had the chance to follow the statute, listen to the evidence, and make a decision whether she believed it was in the best interest of everybody, whether whatever, I don't have the statute or the language right in front of me, but she could weigh the factors and then she could make a decision on whether or not the state would get their wish of charging him as an adult. That was an easy solution in this case. The state dropped the ball, Your Honor. I'm not saying it was negligent. Your position would be that that would be an appropriate procedure if the defendant is, we'll just say apprehended, prior to his 21st birthday. Is that correct? Yes, Your Honor. So if he was not apprehended until he was 25, your position is the state's simply out of luck? As the statute has written, yes, Your Honor. Yes or no? Yes, ma'am. Yes. What could have saved the state's case by your analysis is if they, between the time they felt they had enough to charge and his 21st birthday, had they filed a petition in juvenile court, asked for a discretionary transfer, and then had a hearing. Correct. Yes, Your Honor. There's clearly a gap in the statute if the person would have been 25 when he got charged.  That's for the legislature to fix. Brazy came out in 2000 and 2002. The legislature could have fixed it. They haven't seen fit to do that. I've never heard any outcry about this being, about this creating injustices. There is an easy fix. If I were in the legislature and I thought this was a problem, the easy fix is to take the discretionary transfer statute and kind of make a new statute patterned after that to say in the event that somebody doesn't get, the crime doesn't get discovered or the person is unable to be prosecuted until after they're 21, then you have a hearing kind of along the lines of the discretionary transfer statute for a court to make a determination on whether or not that's fair. The Illinois General Assembly has extended statute of limitations for charging sexual assaults. Yes. In fact, there is no statute of limitations for sexual assault charges when it's based on DNA. When you discover the identity, you can bring the charge regardless of how old the case is. And then there are extensions. Are you suggesting that that whole public safety component of these types of crimes, we should disregard them and just simply apply the literal interpretation or strict interpretation of the Juvenile Court Act? I'm asking the court to interpret the Juvenile Court Act as it is written. And if the legislature thinks there's a problem there, consistent with them thinking there was a problem in other sex offenses and extending those statutes of limitations, they can do a fix. They can amend the statute. I would respectfully ask this court not to amend the statute. They can do the fix if they think there's a problem, yes, Your Honor. The other issue is, and when I proposed why I believe this court can rule on narrow grounds, and the one issue is the state dropped the ball. They should have charged him as a juvenile and did the discretionary transfer. The other issue is, very clearly, Your Honor, the range of dates in this case include dates from one day before his 13th birthday to one day before his 15th birthday. I would submit to the court that if there's one day, these offenses could have occurred when he was 12 years old. The infancy statute, 720 ILCS 5-6-1, says he could not be prosecuted in any event. Just based on that alone. He can't be convicted, correct. If the offense took place on May 1st of 2002, he could not be convicted under any circumstances. Is that your position? Yes, Your Honor. Okay. Are there any questions? No. Questions? Thank you very much. Thank you, Your Honor. May I have these copies of the juvenile cases from other jurisdictions? Sure. You should give whatever you have to the clerk. And you've given a copy of that to counsel? I have given a copy of the lower case, Your Honor. I didn't give copies of the out-of-state cases, but they were in my brief, and I assume she has them. But I could give her my copy if she needs them. That's fine. Thank you. Do you wish to reply? Yes. Thank you. The question in Brazee was, what do you do when a case has to be brought in criminal court? It's a murder. But then the defendant pleads guilty to a charge that does not require mandatory prosecution as an adult. Brazee said, you can't sentence him as an adult. And that's their holding. That's all Brazee says. That exact issue was followed by the Fourth District Appellate Court in People v. King. They cite Brazee. King was reversed. King said, even though the defendant pled guilty only to the charge not requiring prosecution as an adult, the charge that the defendant pled guilty to was an offense covered by the statute, and he was properly sentenced as an adult. The holding in King, the Supreme Court's holding in King, is directly contrary to Brazee. Brazee is not good law. There is no underlying thing left hanging in Brazee. It was overruled on its holding. So Brazee is not good law at all. Moreover, it's so factually distinguishable. The defendant was charged when he was 17. He was 15 at the time of the crimes. As I noted, the charges were required to be brought in criminal court. And the only question, as Justice Jorgensen noted, was a sentencing question. So it simply has no application to the issue before this court. Moreover, counsel for the defendant says that we have to interpret the Juvenile Court Act. This court has interpreted the Juvenile Court Act in En Re Luis R and said that defendants cannot be charged in juvenile court. Finally, I would note that it would be an exercise in futility to charge someone, be he 21 or two or three months short of his 21st birthday, to charge them when they cannot be sentenced, they cannot be sent to a juvenile court detention center after they're 21. The courts, all proceedings under the act turn automatically at 21. So it's an absurd result. If you had charged this defendant at age 20 and a half as a juvenile, what would have happened to the proceedings when he turned 21? They're over. Could you then have reinstated the charges as an adult? An interesting question, but I would say probably you'd get into questions of what stage was it at when he turned 21. And I think that's really what happened here, is that thanks for proceeding, there's no way this case could have concluded before the defendant's 21st birthday. You could have done a transfer hearing before he reached age 21, had you filed in juvenile court, and had the court make the appropriate inquiries as to whether or not it was in the best interest of the public that it proceed in adult court. I'm not sure I would agree with that. Now, it's a little about the overarching argument that if there is a gap in the law, there's an issue of public policy that's underlying all of this. I think both of you are throwing these concerns out in a broader perspective. Why isn't this a matter for the legislature to step in and fix? Well, this court in Louisville found no question in the law. They have interpreted the Juvenile Court Act and found no question. They note that the way that the case is interpreted, the statute says, I'm taking this kind of out of context, but whether the petition is concerning any minor who prior to the minor's 17th birthday has violated any state law. And this court goes on to note that if the General Assembly had intended to permit the state to institute delinquency proceedings after the respondent had reached the age of majority, it could have expressed the intent far more clearly by using the word person in place of minor. Thus, that would make the statute read concerning any person who prior to the person's 17th birthday had violated any state law. So, in Louis R, this court says there is no discrepancy. Finally, I want to note one thing. Trial counsel said that the defendant was not a juvenile when these charges were, or was a juvenile when these charges were. He wasn't a juvenile. He may have been a minor for a couple of months, but he wasn't a juvenile. Any other questions? I have one question for you. Yes, ma'am. I was following up what Justice Burkett said. If you had filed a petition, if you had filed a petition in juvenile court and then asked for a discretionary transfer, would it be your position that the filing of that prior to the defendant's 21st birthday would, in effect, toll the time for a discretionary hearing, or is it your position that the discretionary hearing would have had to have been completed prior to his 21st birthday? It would be my position that it had to be completed. Any other questions? Thank you. Thank you. We'll be in recess.